OLAV AND RUTH J. THOMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thompson v. Commissioner
Docket No. 2738-88
United States Tax Court
T.C. Memo 1989-355; 1989 Tax Ct. Memo LEXIS 354; 57 T.C.M. (CCH) 1028; T.C.M. (RIA) 89355; July 24, 1989
*354 Mark Ely, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of prosecution under Rule 123(b). [1] Petitioners failed to appear at the time their case was called for trial. On September 11, 1987, respondent determined a deficiency in petitioners' Federal income tax for 1984 in the amount of $ 1,621. On February 9, 1988, petitioners' letter dated January 29, 1988, was filed as the petition. Petitioners resided at Aadland, Norway when they filed their petition in this case. Respondent determined that petitioners' income should be increased by $ 1,250 from Mannings, Inc., for a retirement plan or profit-sharing distribution and disallowed deductions for contributions in the amount of $ 2,952 and for medical expenses in the amount of $ 8,102, both for lack of substantiation. We first set this matter for trial on October 31, 1988, and granted a continuance *355 because petitioners resided in Norway and stated they did not have access to their records. Next, the case was set for trial on February 21, 1989. Here, too, petitioners failed to appear for the same reasons. Respondent thereupon filed his motion to dismiss for lack of prosecution. Throughout these proceedings, petitioners have been informed by respondent of the consequences of failing to appear. In support of his motion, respondent attached certain correspondence between his appeals officer and petitioners. We note that the original examination change report was dated April 21, 1987. The appeals officer requested that petitioners write for substantiation of their contributions and medical expenses, and asked them to explain the nature of a check received by petitioner Ruth H. Thompson and negotiated by her from Mannings, Inc. Petitioners responded that Mrs. Thompson had never received or negotiated such a check although they agreed she had once worked for Mannings, Inc. There is no indication that they ever communicated with that company to clear up the matter. Nor is there any indication in the record that they ever attempted to substantiate their contributions or medical *356 expenses. In response to the appeals officer's inquiries, petitioners stated that they did not have access to their records because their records were stored in a United States storage facility. Further, petitioners' daughter, familiar with the storage facility, was stationed in Germany. Consequently, their daughter was also unable to obtain the necessary records for substantiation purposes. By letter dated January 20, 1989, petitioners stated that they would not appear for trial due to Mrs. Thompson's illness and financial circumstances. In this same letter dated January 20, 1989, petitioners requested another continuance or, in the alternative, a dismissal in their favor because their 1984 return was correct to the best of their ability and knowledge. In this letter, as well as in prior letters, petitioners referred to Mr. Thompson's 22 years of service in World War II, the Korean War and the Vietnam War as a basis for dismissing their case. We do not doubt Mr. Thompson's dedicated service to our country. However, dedicated military service is not a basis for dismissal in petitioners' favor. Petitioners have made it clear that they do not intend to return to the United *357 States and they have in effect abandoned their case. . Rule 123(b) provides: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at a trial can result in a dismissal of the action against him for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without published opinion . We sympathize with the difficulties petitioners have in appearing for trial as a result of their residence in Norway. However, this record fails to disclose any bona fide attempt by petitioners to gain the *358 necessary information to support their return, despite the guidance and constructive assistance offered by respondent's appeals officer. Under these circumstances, there appears to be no point to continuing this case once again. Further, in view of petitioners' inaction in attempting to obtain necessary information by writing to those to whom they made contributions or paid for medical services, we grant respondent's motion to dismiss for lack of prosecution. Rule 123(b). An appropriate order and decision will be entered for the respondent. Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩